# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>V.<br><br>MICHAEL HEATH CLARK, DEFENDANT. | CASE NUMBER<br><br>2:06-CR-00263-MEF-SRW |

## COUNSEL'S RESPONSE TO DEFENDANT'S LETTER

**COMES NOW,** Daniel G. Hamm, counsel for defendant, Michael Heath Clark, and files this response to this Honorable Court's Order of February 8, 2007 and states the following:

1. On November 29, 2007, counsel was appointed to represent the Defendant and appeared at his initial arraignment. Following the arraignment, counsel provided defendant a business card and asked that he contact his office to set up an appointment.

2. Counsel's staff attempted to contact Mr. Clark by telephone but there was no answer or answering machine to leave a message.

3. Letters were mailed to the Defendant on December 6, and 14, 2006 regarding the important of meeting with counsel and to provide the Defendant with a copy of discovery produced by the Government. Excerpts from these December 6th and December 14th letter are as follows:

> "Following the November 29, 2006 Initial Appearance, I ask that you contact my office to set up an appointment. Please give my secretary, Debbie, a telephone call and make an appointment to see me at your earliest possible convenience. We have received your discovery and will provide a copy to you at this office visit.
>
> Please contact my office upon receipt of this letter and make an appointment so we can further discuss your case."
>
> "This letter follows my letter of December 6, 2006 wherein I ask that you contact my office and set up an appointment to discuss your case. If you recall, following the Initial Appearance on November 29, 2006 I ask that you call my office to set up an appointment.
>
> As of the date of this letter we have not had a response from you. It is very important to your defense that we meet to discuss the facts and the discovery provided. A copy of your discovery is available for you to pick up at any time.
>
> Please contact my office upon receipt of this letter and make an appointment so we can further discuss your case."

4. During this time, the Defendant was being represented by Dale Waid, Esq. regarding domestic relations matter. Counsel made several telephone calls to Ms. Waid to verify the mailing address and telephone number counsel was using that was taken from the Appearance Bond Defendant signed on November 29, 2006. Counsel was informed that this was the correct information and Ms. Waid stated that she would notify the Defendant to contact counsel's office.

5. A Pretrial conference was held on December 18, 2006 and the Court was informed at that time of the difficulty in getting in contact with Mr. Clark.

6. On December 19, 2006, Defendant called and spoke with an associate in the office and stated that he had heard this office was trying to contact him. He asked if

we had received a telephone call from David Luker, Esq. We informed him that we had not, he then told the office that his aunt was going to retain David Luker to represent him. Mr. Clark was informed that until Mr. Luker filed his notice of appearance that the Court would continue to look to the undersigned for representation and that we needed to meet to discuss his case. This telephone conversation was followed up by a letter which stated the following:

> "This letter follows your telephone conversation with my office today. It is my understanding that you are going to retain an attorney to represent you on the above referenced matter. As of the date of this letter, I have not received a phone call from any attorney informing me that he is representing you nor has a notice of appearance been filed in this case.
> Until such time, it is my duty to continue representing you and preparing a defense for these charges. It is imperative that you make an appointment with my office to come in and discuss your case, the discovery, the charges against you and the manner in which you want to proceed.
> I urge you to contact my office upon receipt of this letter and set up an appointment."

7. The Defendant finally contacted the office and set up an appointment for January 8, 2007. Counsel was called out of the office just prior to Defendant's arrival and there was not enough time to contact Mr. Clark and reschedule. I asked my associate to meet with Mr. Clark and provide him with a copy of his discover and answer any questions he might have at that time.

8. Mr. Clark's aunt accompanied him to the appointment and was very offended when she was not allowed to sit in on this meeting. He was asked to set up

another appointment to meet with Counsel but informed my associate that he would have to call us back.

        9. Defendant called and set up another appointment for January 18, 2007. Counsel had a hearing in Bankruptcy Court which ran longer than expected and Counsel was late for the appointment with the Defendant. Counsel met with the Defendant at length and discussed his case and the discovery. Defendant's aunt accompanied him again, and over her protest, she was not allowed to meet with the undersigned and the Defendant.

        10. Another appointment was set up for the Defendant to review videos of drug buys to see if he knew and could identify the confidential informant. Counsel was aware that the videos were not of the Defendant. Counsel was a few minutes late for this appointment and had his associate set up the video machine and let the Defendant begin watching it. Counsel arrived while they were reviewing the video and met with the Defendant following the review. Again, the Defendant's aunt accompanied him and was not allowed to be included in meeting between counsel and the Defendant.

        11. Throughout Counsel's representation of the Defendant, we have had to deal with the Defendant's aunt and her wishes to sit in on all the meeting and speak for the Defendant.

        12. Counsel spoke with the Defendant following the Order from this Court and when asked about the letter he could not answer specific questions. He did admit that he did not draft and type this letter that his Aunt did so.

        13. He further told counsel that "I just want out of this thing" and that is why the letter was sent. Counsel attempted to schedule an appointment with the Defendant and

was informed that he would call him back. The Defendant's aunt again called to make the appointment and informed my secretary that something needed to be filed with the Court by February 13, 2006. After my staff refused to work with this aunt, the Defendant then began talking to the secretary to make the appointment.

      14. Counsel has informed the Defendant to be at the February 20, 2007 Pretrial Conference so he, and not someone else, may inform the court of his concerns.

**RESPECTFULLY SUBMITTED** this the 13th day of February, 2007.

      /s/ Daniel G. Hamm
_____
DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANT
560 S. MCDONOUGH ST., STE. A
MONTGOMERY, ALABAMA 36104
TELEPHONE   334-269-0269
FAX             334-323-5666

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Counsel's Response to Defendant's Letter by electronic transmission or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorney named below or parties if not represented by counsel.

**DONE** this the 13th day of February, 2007.

/s/ Daniel G. Hamm

DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANT
560 S. MCDONOUGH ST., STE. A
MONTGOMERY, ALABAMA 36104
TELEPHONE     334-269-0269
FAX           334-323-5666

Stephen Feaga
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Michael Heath Clark
2739 CR 341
Maplesville, Alabama 36750